FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 17 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRETTY GIRL, INC.,

               Plaintiff,

-against-

PRETTY GIRL FASHIONS, INC., JOHN
DOES 1-3,

               Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-662 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Pretty Girl, Inc. ("Plaintiff" or "Pretty Girl") moves for default judgment against Defendant Pretty Girl Fashions, Inc. ("Defendant" or "Pretty Girl Fashions"). (Mot. Default J. (Docket Entry # 6).) As set forth below, the court grants Plaintiff's motion. The court previously referred this matter to Magistrate Judge Marilyn D. Go. (Docket Entry of April 19, 2011.) Although the court has now ruled on the Motion for Default Judgment, the referral remains operative as to damages and injunctive relief. Pursuant to the court's April 19, 2011 Order, Judge Go shall issue a Report and Recommendation on these issues. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**I. BACKGROUND**

    On February 10, 2011, Plaintiff filed its Complaint against Defendants Pretty Girl Fashions and John Does 1-3, unknown individuals or entities who are legally responsible for Pretty Girl Fashions (collectively, "Defendants"). (Compl. (Docket Entry # 1).) Plaintiff's claims, which are based on Defendants' use of the name "Pretty Girl" in connection with their retail clothing business, allege that Defendants' use of this name amounts to trademark

1

infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and of several New York state law provisions. (Id.) Plaintiff seeks injunctive and monetary relief, including costs. (See Compl.)

The court issued an Order to Show Cause why it should not enter a preliminary injunction (Docket Entry # 6), and a copy of the Summons and Complaint was properly served on Defendants (Docket Entry ## 7, 8, 9). Defendants failed to respond to the Order to Show Cause, and they did not appear at the show cause hearing. (See Docket Entry of February 28, 2011.) By Order dated March 14, 2011, the court granted Plaintiff's motion for a preliminary injunction, prohibiting Defendants from using the "Pretty Girl" mark. (Preliminary Injunction Order (Docket Entry # 12).)

Defendants have failed to file an answer or otherwise move with respect to the Complaint. On April 6, 2011, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered a notice of default against all Defendants. (Docket Entry # 16.) On April 18, 2011, Plaintiff moved for default judgment. (Docket Entry # 18.) With this Motion, Plaintiff submitted an affirmation by its attorney (Docket Entry # 19), an affidavit of the President of Pretty Girl, Inc. (Docket Entry # 20), several supporting exhibits (Docket Entry # 19 Ex. A-D; Docket Entry # 20 Ex. E-H), and Memorandum of Law (Docket Entry # 21). Defendants have not responded, and their time to do so has passed.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d

infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and of several New York state law provisions. (Id.) Plaintiff seeks injunctive and monetary relief, including costs. (See Compl.)

The court issued an Order to Show Cause why it should not enter a preliminary injunction (Docket Entry # 6), and a copy of the Summons and Complaint was properly served on Defendants (Docket Entry ## 7, 8, 9). Defendants failed to respond to the Order to Show Cause, and they did not appear at the show cause hearing. (See Docket Entry of February 28, 2011.) By Order dated March 14, 2011, the court granted Plaintiff's motion for a preliminary injunction, prohibiting Defendants from using the "Pretty Girl" mark. (Preliminary Injunction Order (Docket Entry # 12).)

Defendants have failed to file an answer or otherwise move with respect to the Complaint. On April 6, 2011, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered a notice of default against all Defendants. (Docket Entry # 16.) On April 18, 2011, Plaintiff moved for default judgment. (Docket Entry # 18.) With this Motion, Plaintiff submitted an affirmation by its attorney (Docket Entry # 19), an affidavit of the President of Pretty Girl, Inc. (Docket Entry # 20), several supporting exhibits (Docket Entry # 19 Ex. A-D; Docket Entry # 20 Ex. E-H), and Memorandum of Law (Docket Entry # 21). Defendants have not responded, and their time to do so has passed.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d

61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009).

In this case, Plaintiff's allegations as set forth in the Complaint are sufficient to establish Defendants' liability for trademark infringement in violation of the Lanham Act and New York state law. (See Preliminary Injunction Order at 4-10 (discussing likelihood of success on the merits with regard trademark infringement).) Thus, default judgment is appropriate.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (providing that "the court may conduct . . . a hearing" to determine the amount of damages on default judgment). The Court of Appeals for the Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases).

Therefore, this Order notwithstanding, the court's previous referral to Judge Go for a Report and Recommendation on damages, including any awards of interest or costs, remains in place. Judge Go's Report and Recommendation shall also address whether Plaintiff has provided the court with sufficient evidence to satisfy the requirements for permanent injunctive relief.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED. Magistrate Judge Marilyn D. Go shall issue a Report and Recommendation on damages and injunctive relief expeditiously.

SO ORDERED.

Dated: Brooklyn, New York  
January _12_, 2012

s/Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge